

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTONIO ROY HENDERSON,<br><br>Defendant. | Case No. 19-750-M<br><br>ORDER OF DETENTION |

## I.

On February 28, 2019, Defendant made his initial appearance on the Indictment filed in the Northern District of Indianan. Deputy Federal Public Adam Olin was appointed to represent Defendant. At Defendant's request, a detention hearing was continued to March 1, 2019.

The Court conducted a detention hearing on March 1, 2019.

☒ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

## II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

the Court finds that the defendant has not rebutted the § 3142(e)(2) presumption by sufficient evidence to the contrary.

## III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of

the danger to any person or the community. [18 U.S.C. § 3142(g)]  The Court also considered all the evidence adduced at the hearing and the arguments, the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

  The Court believes that conditions to mitigate against risk of flight could be imposed and that the presumption as to flight risk has been rebutted.

As to danger to the community:

- ☒ allegations in the indictment
- ☒ history of law enforcement contacts for acts of domestic violence and a pending domestic violence case
- ☒ substance abuse
- ☒ Unrebutted presumption [18 U.S.C. § 3142(e)(2)]

The Court would consider imposing release conditions, to include a $50,000 bond secured by an affidavit of surety signed by the defendant's father, release to a responsible third party custodian with whom Defendant would reside and location monitoring.

IT IS THEREFORE ORDERED that the defendant be remanded to the custody of the U.S. Marshal to be transported to the Norther District of Indiana forthwith.

Dated: March 1, 2019           /s/
                 ALKA SAGAR
                 UNITED STATES MAGISTRATE JUDGE